454 So.2d 147 (1984)
Brenda Ann KEELEN
v.
STATE of Louisiana, et al.
No. 83 CA 0832.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Rehearing Denied August 24, 1984.
Writ Granted November 9, 1984.
Allain F. Hardin, New Orleans, for plaintiff, appellant.
A. Kell McInnis, III, Baton Rouge, for defendant, appellee.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a judgment granting a motion for summary judgment in favor of defendant-appellee, State of Louisiana, *148 Department of Culture, Recreation and Tourism (State). Plaintiff-appellant, Brenda Ann Keelen filed suit for the wrongful death of her eight year old son who drowned in a swimming pool located in Fountainbleu State Park in St. Tammany Parish. Prior to answering plaintiff's petition, defendant State filed a motion for summary judgment alleging immunity from suit by virtue of LSA R.S. 9:2791 and 9:2795. The trial judge denied the motion noting that a factual issue as to whether Fountainbleu State Park could be considered a commercial operation under the above cited revised statutes. Defendant next answered the suit admitting the accident but denying liability. The State then reurged its motion for summary judgment which was maintained by the trial judge.
At the outset we note that LSA C.C.P. art. 966 provides in pertinent part, "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Additionally, once the required showing is made, "... an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him." LSA C.C.P. art. 967. We are of the opinion that defendant State has shown through its offerings that there is no genuine issue as to material fact and that it is entitled to judgment as a matter of law.
LSA R.S. 9:2791, which provides a limitation of liability for landowners of property not used primarily for recreational purposes provides,
A. An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner, lessee or occupant give permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.
B. This Section does not exclude any liability which would otherwise exist for deliberate and willful or malicious injury to persons or property, nor does it create any liability where such liability does not now exist. Furthermore the provisions of this Section shall not apply when the premises are used principally for a commercial, recreational enterprise for profit; existing law governing such use is not changed by this Section.
C. The word "premises" as used in this Section includes lands, roads, waters, water courses, private ways and buildings, structures, machinery or equipment thereon.
LSA R.S. 9:2795, which provides a limitation of liability for landowners of property used primarily for recreational purposes provides,
A. As used in this Section:
(1) "Land" means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty.
(2) "Owner" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.
(3) "Recreational purposes" includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, sledding, snow mobiling, snow skiing, summer and *149 winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites.
(4) "Charge" means the admission price or fee asked in return for permission to use lands.
(5) "Person means individuals regardless of age.
B. Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(1) Extend any assurance that the premises are safe for any purposes.
(2) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
(3) Incur liability for any injury to person or property incurred by such person.
C. Unless otherwise agreed in writing, the provisions of Subsection B shall be deemed applicable to the duties and liability of an owner of land leased for recreational purposes to the federal government or any state or political subdivision thereof or private persons.
D. Nothing in this Section shall be construed to relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this Act to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care.
The affidavits offered in support of the motion for summary judgment clearly reveal that the State of Louisiana is the owner of Fountainbleu State Park. Therefore, in order for the State to be excepted from the immunity provided by the statute, it must be shown that the State was guilty of a willful or malicious failure to warn against a dangerous condition, use, structure or activity; or was the owner of a commercial recreational development or facility. Plaintiff's petition was grounded upon negligence and no allegations of willful or malicious failure to warn have been made.
In Pratt v. State, 408 So.2d 336 (La.App. 3rd Cir.1981), writ denied 412 So.2d 1098 (La.1982), it was determined that to render a development or facility commercial, as that term is used in the statute, the development or facility must be run for a profit, regardless of whether an admission fee is charged. The affidavit of Nancy Reed, Parks Project Coordinator for the Office of State Parks, clearly shows that the State anticipates no profit in the running of Fountainbleu State Park. Between the years of 1978 and 1981 the State has taken in less than $70,000.00 per year in admission fees while expending in excess of $240,000.00 per year in running the facility.
Plaintiff-appellant maintains that the immunity provided by LSA R.S. 9:2795 refers only to the natural physical condition of the land and not to activities conducted by the owner on the land or to improvements placed on the land by the owner. This argument simply has no merit. By providing that only the willful or malicious failure to warn against a dangerous activity will subject an owner to liability, it is apparent to this court that activities conducted by the owner are contemplated by the statute. Additionally, the definition of land contained in the statute specifically provides for structures attached to the realty.
Plaintiff cites Smith v. Crown-Zellerbach, Inc. 638 F.2d 883 (5th Cir.1981), in support of her argument that LSA R.S. 9:2795 does not grant immunity for the maintenance of attractive nuisances. In Smith, a ten-year-old child was on his way home from fishing at a pond on Crown-Zellerbach property when he stopped to play on some grey hills located on the property. The hills were composed of hot ashes and chemical debris and he was severely burned. The court noted at page 885,
Thus the legislature intended to absolve property owners from the kind of accidents normally to be expected when they let others use their property for recreational purposes and not to remove their *150 liability when they maintain attractive nuisances unrelated to the recreational purpose or when they otherwise increase the danger naturally found on the property.
We are unable to say, given the fact that Fountainbleu State Park is a developed recreational facility, that the swimming pool in which this child drowned is an attractive nuisance unrelated to the recreational purpose of the park. Additionally, while it can be argued that the State has otherwise increased the danger naturally found on the property by constructing the pool, the fact that the pool area was adequately fenced and lifeguards were on duty mitigates this condition. We are of the opinion that the situation presented in this case is sufficiently distinguishable from one in which a child of tender years is lured into an attractive nuisance, the danger of which he is incapable of understanding.
Finally, plaintiff alleges that in the event that this court finds that LSA R.S. 9:2795 grants immunity to the State in this case, she should be allowed to amend her petition to name the individual lifeguards on duty at the time as defendants. First, plaintiff maintains that she has a right to name the additional defendants because prescription has been interrupted. We disagree. Interruption of prescription could have only taken place if the lifeguards were solidarily obligated with the State. LSA C.C. art. 2090. Given our finding that the State is not liable to plaintiff, we fail to see how the individual lifeguards could be solidarily liable with the State.
Second, plaintiff maintains that if the lifeguards were found negligent, the State would be vicariously liable for their negligence and would lose its immunity under the statute. There is simply no legal basis for this argument. Assuming arguendo that the lifeguards were found negligent and the State found responsible for their actions, there is nothing in the statute which would preclude the immunity granted the State. There are no allegations that the lifeguards on duty willfully or maliciously failed to warn of a dangerous condition, use or activity.
Therefore, for the foregoing reasons, the judgment of the trial court maintaining the motion for summary judgment in favor of defendant State of Louisiana, Department of Culture, Recreation and Tourism and dismissing plaintiff Brenda Ann Keelen's demands is hereby affirmed. Costs of this appeal are to be borne by plaintiff-appellant.
AFFIRMED.