467 So.2d 70 (1985)
Lloyd SMITH
v.
SOUTHERN PACIFIC TRANSPORATION COMPANY, INC., et al.
No. CA-2529.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1985.
*71 Donna S. Cummings, Cummings & Gambel, New Orleans, for plaintiff/appellant.
John E. Maher, Jr., Asst. City Atty., Robert R. Gisevius, Deputy City Atty., Douglas P. Wilson, Chief Deputy City Atty., Salvador Anzelmo, City Atty., New Orleans, for defendants/appellees and cross/appellants.
Before REDMANN, C.J., and GARRISON and LOBRANO, JJ.
LOBRANO, Judge.
Plaintiff, Lloyd Smith, sued the City of New Orleans and Southern Pacific Transportation Company, Inc. for injuries he sustained when the top of a van-type truck he was driving struck the bottom of a railroad overpass. Southern Pacific was dismissed from the suit by way of summary judgment, and the trial proceeded against the City of New Orleans. The lower court found in favor of plaintiff and awarded him damages totalling $7,730.00. Both parties appeal. Plaintiff seeks an increase in the award. Defendant asserts lack of negligence on its part as well as contributory negligence on plaintiff's part. Defendant also asserts the applicability of La.R.S. 9:2791 and 9:2795.

FACTS:
The evidence at trial consisted of a series of stipulations concerning medical treatments, lost wages and an agreement between the City and the New Orleans Terminal Board, and the testimony of two witnesses, plaintiff and his mother. Plaintiff, a professional truck driver, while driving a van-type truck under a railroad underpass on Hospital Drive in City Park, hit the bottom portion of the structure with the top of the truck. The truck is eleven feet four inches in height, and therefore the underpass had to have less clearance. The evidence is clear that there were no warning signs posted advising of the low clearance.
The trial judge concluded that the City had a duty to warn motorists of the low clearance, and their failure to do so constituted negligence.

NEGLIGENCE:
Liability of a municipality for unsafe streets, roads and highways will only be imposed when a defect is dangerous or *72 calculated to cause injury. There is no fixed rule for determining what is a dangerous defect in a public way, but must be determined from the facts and circumstances of each case. The test usually requires an answer to the question: Was the public way maintained in a reasonably safe condition for persons exercising ordinary care? Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430 (La.1975). Additionally, in those instances where the alleged defect is not caused by the negligence of the municipality or its employees, notice, either actual or constructive, is a necessary requirement to a finding of fault. Pickens, supra.
The maximum legal height for a vehicle on the highways of this state is thirteen feet, six inches. La.R.S. 32:381. The vehicle driven by plaintiff was eleven feet four inches. The underpass had to have a clearance of less than eleven feet four inches, or a minimum of two feet two inches less than the maximum allowed legal height. The evidence is clear that at the time of the accident there were no warning signs to advise motorists of the clearance height. The evidence is also clear that the City assumed the maintenance of the underpass by agreement with the New Orleans Terminal Board in August of 1967, and therefore had knowledge of its clearance from that date. There is no evidence to indicate that the City had ever posted warning signs advising of the clearance.
Since the underpass was considerably lower than the maximum legal height of vehicles allowed on the highways of this state, we hold that it constituted a defect which is hazardous to the motoring public, and therefore a warning of some type was necessary. Having had either actual or constructive notice of this defect since 1967, we hold that the City's failure to advise motorists of same constituted negligence.
The City argues, however, that plaintiff was contributorily negligent because, at trial, he didn't know the height of the truck he was driving, and therefore a warning sign would have been useless. We disagree. The fact that plaintiff did not know the height of his truck was not the proximate cause of the accident. The proximate cause was the City's failure to warn him of the underpass's low clearance.
The City argues that a motorist is required to see an obstruction that is readily visible, and his failure to do so constitutes lack of due care on his part, citing Culpepper v. Leonard Truck Lines, 208 La. 1084, 24 So.2d 148 (1945). The obstruction in that case, a fire escape, was readily observable, whereas in the instant case there is no evidence that the low clearance was easily detectable by passing motorists. There is no evidence indicating the actual clearance of the underpass. Suffice it to say that a motorist should not be placed in the position of having to estimate a clearance upon approaching it unless it is quite obvious that the vehicle cannot pass. There is no proof that this underpass was so obviously low that the untrained eye could have easily detected it.
La.R.S. 9:2791 and 9:2795:
For the first time, the City raises in this Court the defense of La.R.S. 9:2791 and 9:2795. Those statutes provide, in pertinent part:
La.R.S. 9:2791:
"A. An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner, lessee or occupant give permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act *73 of person to whom permission is granted..."
La.R.S. 9:2795:
"A. As used in this Section:
(1) `Land' means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty.
(2) `Owner' means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.
(3) `Recreational purposes' includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, sledding, snow mobiling, snow skiing, summer and winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites.
(4) `Charge' means the admission price or fee asked in return for permission to use lands.
(5) `Person' means individuals regardless of age.
B. Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(1) Extend any assurance that the premises are safe for any purposes.
(2) Constitute each person for legal status of an invitee or licensee to whom a duty of care is owed.
(3) Incur liability for any injury to person or property incurred by such person..." (Emphasis added).
Although numerous cases have held that these statutes are applicable to the State and its political subdivisions as landowners, they all deal with the factual situation of a party being injured while using the property for recreational purposes. Keelen v. State, 454 So.2d 147 (La.App. 1st Cir.1984), writs granted 459 So.2d 527 (La.1984); Pratt v. State, 408 So.2d 336 (La.App. 3rd Cir.1982) writ den. 412 So.2d 1098 (La. 1982); Thomas v. Jeane, 411 So.2d 744 (La.App. 3rd Cir.1982). In the instant case, although City Park is set aside for recreational purposes, the street used by plaintiff is open to the motoring public for purposes other than recreational use. The intent of the above cited statutes was to encourage landowners to allow the public to use their property for recreational purposes. See, Section 1 of Act, No. 615 of 1975. The statutes specifically refer to use of the land for recreational purposes. However, where persons are allowed to use the property for purposes not associated with recreational activities, the statutes should not apply.
In the instant case, the City allows the motoring public to use the streets in City Park for travel not associated with recreations. We therefore hold that under the facts of the instant case the immunity granted under the above cited statutes is inapplicable.

QUANTUM:
The trial court awarded $1,730.00 for medical expenses, $2,000.00 for lost income and $4,000.00 for damages. Plaintiff complains that this award is inadequate.
It is well settled in our jurisprudence that the trial court is awarded much discretion in the awarding of damages, and his determination will not be disturbed absent manifest error. In such a case an award will only be raised to its lowest reasonable point or lowered to its highest reasonable point. Reck v. Stevens, 373 So.2d 498 (La. 1979).
After review of the record we do not find that the trial judge abused his discretion. Plaintiff saw three doctors for his injuries. All three agree that his injuries consisted of a cervical strain and contusions of the left anterior rib cage. There were no signs of neurological or orthopaedic disabilities. His treatments consisted mainly of physical *74 therapy for approximately a month after the accident. There is little or no evidence to substantiate anything beyond those injuries. Further, there is evidence that plaintiff re-injured himself in October of 1981 while working on a crew boat, and at least part of his medical problems are attributable to that accident.
For the above and foregoing reasons, the judgment below is affirmed. Each party to bear its own costs of this appeal.
AFFIRMED.
REDMANN, C.J., dissents with reasons.
REDMANN, Chief Judge, dissenting.
Plaintiff, with over ten years of experience driving trucks, drove an 11'4" tall truck into a New Orleans City Park underpass that was not that tall. There is no suggestion, in argument or in the pictures in evidence, that the underpass deceptively creates an appearance of greater height than it possesses.
If the underpass were only six feet high, presumably everyone would unhesitatingly hold the driver contributorily negligent in not seeing that his 11-foot-plus truck could not pass. The driver's action becomes less outrageously negligent as the underpass height approaches the height of the truck (and pictures of the truck damage here show the height was within an inch or two of that of the truck). But it makes no difference, in deciding whether or not the truck driver behaved as a reasonably prudent truck driver, whether the underpass is an inch lower or an inch higher than the height of the truck. The reasonably prudent truck driver does not attempt to drive under an underpass (especially in a park!) without ascertaining beforehand that sufficient clearance exists to permit passage. had this underpass been an inch higher than the truck, driving this truck through it would still have been negligence (although the negligence would, by luck, not have caused any damage). Our plaintiff was negligent, and his negligence contributed to causing his injury.
Unfortunately, at the time of this accident Louisiana had not yet adopted comparative negligence, and the law was that contributory negligence constituted a bar to recovery. The judgment appealed from should therefore be reversed.