BECKER, Judge.
On the application of New Orleans Terminal Company and Norfolk Southern Cor *976 poration, relators, we grant certiorari in order to consider the validity of a judgment of the trial court denying relators’ motion for summary judgment against respondents, Presidential Fire and Casualty Company and Brian Migliore d/b/a Economical Jantorial Supply, who were the plaintiffs in the trial court.
Plaintiffs, a truck driver and his insurer, filed suit to collect damages to the truck when the truck struck an overpass in City Park. The City of New Orleans and, later, relators, were named defendants. Relator moved for summary judgment, attaching an August 1967 agreement between the parties, “An Agreement Providing for the Construction and Use of a Union Passenger Terminal in the City of New Orleans and the Elimination of Various Grade Crossings and the Abandonment, Rearrangement and Relocation of Railroad Facilities”, dated October 22, 1947, together with statement of uncontested material facts referencing those agreements. The trial court denied the motions, and the rela-tors seek this court’s supervisory jurisdiction.
In support of their application relators cite Smith v. Southern Pacific Transp. Co., Inc., 467 So.2d 70 (La.App. 4th Cir.1985), wherein a truck driver sued the City and the railroad for damages his truck sustained when it collided with the exact same overpass as in this case. The railroad was dismissed on summary judgment, and the trial proceeded against the City. Evidence at trial established that the truck was eleven feet four inches in height, that therefore the underpass had to have less clearance, and that there were no warning signs posted advising of the low clearance. The trial court found that the City had a duty to warn motorists of the low clearance, and their failure to do so constituted negligence. This court, affirmed.
The 1967 agreement provides, in part:
(11) Upon completion of this grade separation, the City shall maintain the grade separation structure and all appurtenant facilities, including paving, sidewalks, lighting, drainage and pumps, and the cost to the City of such maintenance shall be borne by the City.
(12) City assumes entire responsibility for the . construction, maintenance and use of said grade separation located upon the property of Railroad, and Railroad shall have no liability for injury to or death of persons or loss or destruction of or damage to property arising from or in any manner connected with any failure to properly construct, maintain or repair said grade separation, or the approaches thereto.
By these provisions, as has already been adjudicated in Smith, the City clearly assumed the maintenance of the underpass, and therefore had knowledge of its clearance from that date.
The plaintiffs argue the agreement is ambiguous such that summary judgment is inappropriate because of these provisions: *977 Paragraphs (1) and (4) clearly apply to construction of the project, whereas paragraphs (11) and (12) apply to maintenance after construction is complete. There is no ambiguity in the agreement, and the City is responsible for maintenance as determined in Smith.
*976 (1) The City, acting through the New Orleans Railroad Terminal Board, shall prepare or through independent contract with licensed engineers provide for the preparation of final plans, specifications and special provisions for the structure following substantially the plans and specifications dated January, 1967, of Lyman J. Ellzey and Associates, Consulting Engineers, to the City. These final plans, specifications and special provisions shall be submitted to the Railroad for its approval before undertaking any steps in the construction of the grade separation. (Portion Deleted) Railroad shall give its approval of or exceptions to the plans above referred to within thirty (30) days of receipt of such plans and failure to do so will indicate their approval of same.
(4) Railroad will, for account and at the cost and expense of the project, provide and furnish labor, equipment and materials necessary therefor and make such adjustments of its facilities as may be necessary, and also do and perform any other work incident to the construction of said grade separation which is not specified or foreseen but which is necessary in the judgment of the representatives of Railroad for safety and maintenance of traffic.
*977 The plaintiff also argues Smith is not determinative because the parties in Smith entered into stipulations and the railroad was dismissed by summary judgment. However, the stipulations did not determine the City’s responsibility for the overpass; that was the issue litigated at trial. In addition, whether the railroad was still in the suit or had already been dismissed does not affect the City’s responsibility. If negligence was imputable to the City, it was imputable with or without the railroad’s presence in the suit.
Accordingly, the judgment of the trial court is reversed and the summary judgments filed by New Orleans Terminal Company and Norfolk Southern Corporation are granted dismissing plaintiffs suit against relator.
WRIT GRANTED AND JUDGMENT RENDERED.
LOBRANO, J., dissents with reasons.