LOBRANO, Judge,
dissenting.
I would deny the writ.
Plaintiffs, a truck driver and his insurer, seek recovery for damages to the insured truck when it struck an overpass in City Park in New Orleans. In addition to suing the City, plaintiff, by supplemental petition, also sued New Orleans Terminal Company (NOTC) and Norfolk Southern Corporation (NSC). NOTC and NSC moved for a summary judgment asserting that the City bears the sole responsibility for the maintenance and upkeep of the overpass. In support thereof they attach the agreement of October 22,1947, the Union Passenger Terminal Agreement, and the agreement of August 3, 1967 between the City and NOTC. In addition, NOTC and NSC cite this court’s decision in Smith v. Southern Pacific Transp. Co. Inc., 467 So.2d 70 (La. App. 4th Cir.1985) which involved an identical accident at the same overpass.
In that case we held that the city was responsible for failing to warn motorists of the overpass’ low height. Their responsibility was predicated on the fact that they had assumed responsibility under the August 1967 agreement. In that case Southern Pacific Transportation (the railroad owner) was also named a defendant, but they were dismissed by way of a summary judgment which was not appealed.
Although the agreement of August 1967, in paragraphs 11 and 12, appear to support relators’ argument, respondent argues that other provisions support a contrary view. Apparently the trial judge felt the issue was a matter of contract interpretation. I cannot say he was clearly wrong.
Although we agree that Smith, supra, supports the City’s responsibility, at this time I cannot conclude that the city’s liability is exclusive.