KLEES, Judge.
This is an appeal from a suit for damages arising out of a slip and fall accident on a sidewalk in Orleans Parish. Defendant, City of New Orleans, appeals the trial court’s judgment in favor of cross-claimant, South Central Bell, and against the City of New Orleans finding the City of New Orleans liable for fifty percent of plaintiff’s damages. After reviewing the record and applicable law, we reverse.
Plaintiff, Zacharie J. Marcade, sued defendants South Central Bell Telephone Company and the City of New Orleans for injuries sustained on April 17, 1988 while he was walking in the 300th block of 35th street when he tripped and fell over a “guy wire.” South Central Bell filed a cross-claim against the City of New Orleans seeking indemnity and/or contribution. South Central Bell settled with plaintiff for $65,000 and proceeded against the City of New Orleans on the cross-claim.
The trial court rendered judgment in favor of South Central Bell finding the City of New Orleans fifty percent at fault. The City of New Orleans appeals, urging that the trial court erred in finding them fifty percent liable for plaintiff’s injuries. In support of their argument, the City of New Orleans relies on La.R.S. 9:2800[1] *902 which limits the liability of a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the vice or defect prior to the accident. The City of New Orleans claims that it is not liable because there is no evidence that it had actual or constructive knowledge of the hazardous condition which caused plaintiffs injuries. Furthermore, the City of New Orleans argues that plaintiffs injury was caused by the sole negligence of South Central Bell by not changing the position of the cable-anchor or by not covering the cable with a shield. We agree. Our review of the record and pertinent law leads us to conclude that the trial judge was manifestly erroneous in finding the City of New Orleans equally at fault with South Central Bell.
Evidence reveals that in 1964 South Central Bell installed telephone cable at this location and anchored guy wire to the ground. Some time in or after 1966, the sidewalk in question was installed encasing the guy wire within it. However, there is no evidence that the City of New Orleans installed the sidewalk nor did the City of New Orleans have any knowledge as to who installed the sidewalk. Mr. Phen, engineer for the Planning and Engineering Division of the City of New Orleans, testified that if a third party wanted to install a sidewalk, they were required to obtain a permit through the Department of Safety and Permits. He further testified that no such permit was obtained. Nevertheless, a third party could have built this sidewalk without receiving a permit from the City.
La.R.S. 9:2800(C) defines constructive notice as the existence of facts which infer actual knowledge. In LeBlanc v. City of New Orleans, 573 So.2d 1274, 1276 (La.App. 4th Cir.1991), this court defined constructive notice as follows: “if it be shown that such defects which caused the injury existed for such a period of time that the municipal authorities, by the exercise of ordinary care and diligence must have known their existence in general and could have guarded the public from injury.” Plaintiff did not prove the existence of notice, actual or constructive. There was no evidence that the City had actual or constructive knowledge of the hazardous condition. Furthermore, evidence also revealed that in 1977, South Central Bell replaced the cable. Therefore, South Central Bell, because of its ownership and custody of the “guy wire”, bears the full responsibility for plaintiffs injuries.
The trial court was manifestly erroneous in finding liability on the part of the City of New Orleans. Accordingly, for the foregoing reasons, the judgment of the trial court is reversed.
REVERSED.

. LSA-R.S. 9:2800 provides in pertinent part:
§ 2800 Limitation of liability for public bodies
A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody-
B. Except as otherwise provided in Subsection A of this section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which *902 caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and had failed to do so.
C. Constructive notice shall mean the existence of facts which infer actual knowledge.