|, JOAN BERNARD ARMSTRONG, Chief Judge.
This is an appeal from a summary judgment granted by the trial court in favor of defendant BellSouth Telecommunications, Inc. (BellSouth) dismissing all claims against BellSouth without prejudice[1] should, further discovery disclose a basis for recovery. For the reasons that follow, we amend the judgment to provide that the dismissal of BellSouth is a dismissal with prejudice and we affirm the judgment of the trial court, as amended.
Plaintiffs Robert and Roslyn Longo filed suit against BellSouth, Entergy Corp.[2],' Cox Louisiana Telecom, L.L.C. (Cox) and Louisiana Power and Light Company[3] (LP & L) for personal injuries allegedly sustained by Mr. Longo when a horse he was riding allegedly struck an unmarked support cable on a utility pole owned by BellSouth[4].
12BellSouth, through its claims manager, Richard Richardson, conducted an investigation that revealed that the wire at issue was attached to cable television facilities attached by Cox to a BellSouth utility pole. Mr. Richardson’s affidavit, made on his personal knowledge, establishes that the wire at issue was neither owned nor maintained by BellSouth, and that the wire at issue is attached to cable television facilities attached to the pole.
The plaintiffs initially opposed the motion for summary judgment claiming discovery had not been completed, and submitted a copy of counsel’s letter of July 12, 2002 seeking to depose Mr. Richardson and other corporate representatives with knowledge of the maintenance of guy wires and contractual relationships concerning guy wires on, BellSouth utility poles. The trial court continued the hearing on the motion for summary judgment. Following the taking of Mr. Richardson’s deposition, the plaintiffs supplemented their opposition, submitting Mr. Richardson’s testimony that BellSouth aerial cables were attached to the utility pole, and BellSouth uses the pole to deliver a product to its customers. Mr. Richardson testified to the existence of a “Joint Use Agreement” among the utility companies that use the pole, but had no knowledge of its contents and did not provide a copy of the agreement. The plaintiffs ultimately obtained a copy of a Joint Use Agreement between *1273 LP & L and BellSouth’s predecessor, South Central Bell Telephone Company. According to that agreement, its purpose is to establish joint use of their respective poles where such use is mutually advantageous. The agreement provides that the owner of the pole shall, at its own expense, maintain |3its joint use poles in a safe and serviceable condition; if, after proper notification, the owner does not do so, the licensee may perform necessary maintenance at the owner’s cost; both parties shall work together each year to plan a groundline inspection and treatment program for joint use polls (Article VIII-A).
Article XVII provides for allocation of liability. In case of claims for personal injury, each party is liable for all damages caused solely by its negligence or the negligence of those for whom it is responsible, and must indemnify the other party against such claims (Article XVII-A). In cases of concurrent negligence, and where damages are due to causes that cannot be traced to the sole negligence of either party or their contractors, the agreement allocates 50% liability to each of the parties (Article XVII-C). Appendix A to the agreement shows the standard space allocation along the pole, and shows that LP & L is allocated the top six feet six inches; NESC, Cable TV and municipal entities have the next lower four feet four inches, and BellSouth is allocated the last one foot eight inches. The remaining space is unallocated.
Cox filed an opposition to the motion contending that Mr. Richardson was not in a position to know which guy wire was involved in the accident, making the affidavit insufficient to support a summary judgment. Cox did not submit verified countervailing evidence.
At the hearing on BellSouth’s motion, the trial judge focused her attention on the ownership of the wire, noting that the Joint Use Agreement does not speak specifically to the wire in question. The court questioned counsel for the plaintiff ^concerning identification of the wire, and counsel responded that the wire that allegedly caused the accident in question could be and was, in fact, identified. The trial judge noted that Mr. Richardson’s affidavit established that BellSouth did not own the wire identified by plaintiffs’ counsel as the offending wire. In the absence of any countervailing evidence of record tending to establish that BellSouth owned the wire in question, the trial court granted Bell-South’s motion for summary judgment.
STANDARD OF REVIEW
Appellate courts review summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Company v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/2000), 755 So.2d 226, 230. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A. (2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or | smore elements essential to the adverse party’s claim, action, or defense. Thereaf *1274 ter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2).
An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La.C.C.P. art. 967.
The jurisprudential presumption against granting the summary judgment was legislatively overruled by La.C.C.P. art. 966 as amended. The amendment levels the playing field between the parties, providing that the supporting documentation submitted by the parties is to be scrutinized equally and removing the prior jurisprudential overriding presumption in favor of trial. Cox argues that the reviewing court must view both the evidence and all inferences drawn from the evidence in favor of the parties opposing the motion, in whose favor all doubts must be resolved, citing Louisiana Gaming Management v. Calegan, 99-2306 (La.App. 4 Cir. 4/13/01), 786 So.2d 159, 162. We note that the authority cited for that statement in Louisiana Gaming Management is a pre-amendment case from the Louisiana Supreme Court, South Central Bell Telephone Co. v. Sewerage and Water Board, 95-0949 (La.5/19/95), 654 So.2d 1090. That case, and the principle for which it was cited, have been superceded by the 1997 amendments to the codal provisions relating to summary judgment.
The plaintiffs similarly argue that any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits, citing Smith v. Our Lady of the Lake Hospital, 93-2512 (La. 7/5/94), 639 So.2d 730, 751. This case, too, was decided prior to the relevant amendments to the Code of Civil Procedure that eliminated the bias against summary judgments and gave them a favored status.
Under the amended statute, the initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However, under La. C.C.P. art. 966(C), once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once mover has properly supported the motion for summary judgment, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion. The amendment to La. C.C.P. art. 966 brings Louisiana’s standard for summary judgment closely in line with the federal standard under Fed.Rule Civ.Proc. 56(c). Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, 694. The summary judgment law was amended by La. Acts No. 483 of 1997 to incorporate the Hayes analysis, requiring that when the nonmoving party bears the burden of proof at trial, there is no genuine issue of material fact if the nonmoving party cannot come forward at the summary judgment stage with evidence of sufficient quantity and quality for a reasonable juror to find that the party can satisfy his substantive evidentiary burden.
A fact is material if it is essential to a plaintiffs cause of action under the applicable theory of recovery and without which plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4th Cir.1992).
*1275 In their first assignment of error, the plaintiffs and Cox contend that the trial court erred because the affidavit submitted in support of the motion for summary judgment contains ultimate conclusions of fact and law and is not based on personal knowledge.
In his affidavit submitted in support of BellSouth’s motion, Mr. Richardson clearly avers that the wire at issue was neither owned nor maintained by BellSouth. This averment is made on personal knowledge and, according to the affidavit itself, is based upon his investigation of the ownership of the particular wire. Therefore, it is not merely conclusory as were the statements contained in the affidavit rejected by this Court in Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96), 678 So.2d 580 [5]. In that case, the issue of the employment relationship, vel non, between United Cab company and its drivers was complex, involving varying types of compensation and control over the drivers’ movements and the possibility of non-employment relationships that could give rise to United’s liability for its drivers’ actions. Mr. Richardson avers that in the course of his employment as a claims manager for BellSouth, a position he held for approximately eighteen years, he undertook to investigate the basic fact at issue in this case: that is, whether or not BellSouth owned or maintained the wire that allegedly caused plaintiffs’ | ¡¡damages. His investigation led to the conclusion on personal knowledge that BellSouth neither owned nor maintained the wire.
Cox contends that the affidavit is deficient because one of its statements, that Cox owned and maintained the offending wire, was made upon information and belief. While this Court rejected “information and belief’ as the basis for an affidavit in support of a motion for summary judgment in Express Publishing Co. v. Giani Investment Co., 449 So.2d 145 (La.App. 4 Cir.1984), it is not incumbent upon Bell-South to establish the ownership of the wire in order to be entitled to summary judgment. All that is necessary is that the affidavit establishes without contradiction that BellSouth neither owned nor maintained the wire. This the affidavit has done.
Furthermore, following the filing of the BellSouth motion for summary judgment and Mr. Richardson’s supporting affidavit, the adverse parties took Mr. Richardson’s deposition. The record shows that the parties did not submit any portion of Mr. Richardson’s deposition testimony to contradict the facts alleged in the affidavit, particularly, the statements that BellSouth neither owned nor maintained the offending wire and that Mr. Richardson observed the wire’s attachment to cable equipment.
The opponents to the motion for summary judgment have offered no proof that the plaintiffs’ damages were in any way caused by the BellSouth pole. The allegation is that Officer Longo was thrown from his horse because of the condition of the wire, a wire that Mr. Richardson’s uncon-troverted affidavit ^establishes was neither owned nor maintained by BellSouth. BellSouth’s having produced sufficient evidence that plaintiffs will not be able to prove at trial that BellSouth owned or maintained the wire allegedly causing the damages sustained by the plaintiffs, the burden of proof shifted to the adverse parties to offer evidence that BellSouth maintained or owned the wire or was liable under any other theory of recovery. There is simply no evidence to that effect in the record. We find that the trial court *1276 correctly applied current summary judgment standards relating to sufficiency of evidence and burden of proof in arriving at the judgment from which the parties appealed.
In their second assignments of error, the plaintiffs and Cox contend that the trial court erred because both plaintiff, Officer Longo, and Cox showed the existence of genuine issues of material fact in dispute as to the ownership and custody of the wire.
Plaintiffs argue that BellSouth’s ownership of the pole makes it responsible for any attachments to the pole, citing Murphy v. Fidelity and Cas. Co. of New York, 165 So.2d 497 (La.App. 2 Cir.1964). We do not find that the decision supports the conclusions suggested by the plaintiffs. In that wrongful death suit arising out of decedent’s electrocution caused by contact with inadequately insulated or non-insulated wires, the surviving widow and son of the decedent sued the owner of the building in which the decedent’s electrocution occurred, and the owner of an adjoining building. The building owners’ insurer moved for summary judgment based on admitted facts showing that the offending electrical wiring was |innot used by, owned or in any way the responsibility of the building owners, but was owned and controlled by the owner of the adjoining building. The adjoining owner’s insurer filed a motion for summary judgment based on established facts that the adjoining owner had no knowledge of the existence of the wires, that he had no notice of any trouble with the wires prior to the accident, that they were located outside the insured’s control and were subject to the control of persons other than the adjoining owner. The survivors’ suit was predicated upon premises liability based upon the prior law of strict liability. The court found that the lethal wires were “permanently attached to and formed a part of the common wall between “ the two buildings and as such were immovables by their nature. The wires were under the ownership of and served the adjoining owner, but “by virtue of their attachment to the common wall were in the custody of’ the owner of the building in which decedent was injured. Thus, the court found liability attached both to the owner and to the possessor or custodian of the wire attached to the common wall. In the instant case, we are not faced with the old law of strict premises liability. There is no allegation that there was a defect in BellSouth’s pole of which it had knowledge and a reasonable opportunity to repair. See, La C.C. arts. 660 Acts 1977, No. 514, § 1, eff. Jan 1, 1978 as amended by Acts 1996,1st Ex.Sess., No. 1, § 1, eff. April 16, 1996 and 2317.1, as amended and added by Acts 1996, 1st Ex. Sess., No. 1, § 1, eff. April 16,1996.
|nNo adverse party having produced evidence tending to show that BellSouth had premises liability for the wire in question, the trial court correctly rejected this argument.
Plaintiffs argue further that the joint use agreement obliges each party to maintain the wires; however, the agreement specifically states that each party is responsible only for “its own attachments”, not for attachments placed by other parties (Article IV-C(2)).
In their third assignment of error, the plaintiffs contend that the trial court erred because genuine issues of material fact exist concerning the ultimate liability for damages.
The plaintiffs argue that the joint use agreement gives them a right to claim one-half of their damages against BellSouth, citing § XVII(C) of the agreement. However, that section is limited in its application to cases in which plaintiff has shown concurrent negligence. In the case at bar, there has been no showing of any type of *1277 negligence or basis for premises liability on BellSouth’s part. Absent some showing that BellSouth was negligent, we are compelled to find that the plaintiffs may not rely on § XVII (C) to support their claim.
In Armstead v. Central Louisiana Electric Company, Inc., 308 So.2d 870 (La.App. 3 Cir.1975), cited by the plaintiffs, there was evidence of concurrent negligence on the part of South Central Bell and the electric company, triggering application of the concurrent negligence provision in the joint use agreement. However, no adverse party submitted any evidence of such concurrent negligence 112in the case at bar, and the Richardson affidavit establishes without contradiction that the wire in question was neither owned nor maintained by BellSouth.
In Marcade v. City of New Orleans, 599 So.2d 901 (La.App. 4 Cir.1992), cited by the plaintiffs, the evidence showed that South Central Bell had “ownership and custody of the guy wire.” That salient fact differentiates Marcade from the case at bar.
Similarly, in Godfrey v. Boston Old Colony Insurance Company, 97-2569 (La.App. 4 Cir. 5/27/98), 718 So.2d 455, cited by the plaintiffs, we rejected summary judgment because the plaintiffs cause of action was based in part on evidence that it was the placement of the utility pole itself that created an unreasonable risk of harm to be decided at trial on the merits. In the case at bar, the argument is that the wire, and not the placement of the pole, created the hazard that caused damage to the plaintiffs. Absent proof that BellSouth owned or maintained the wire, or that the pole’s placement caused the plaintiffs’ injury, the Godfrey case is not controlling.
In their fourth assignment of error, the plaintiffs contend that the lower court erred because necessary and relevant discovery remains outstanding. The record reflects that the trial court continued the hearing on the motion for summary judgment until such time as plaintiffs were able to take Mr. Richardson’s deposition and obtain a copy of the joint use agreement. Absent an allegation that BellSouth has thwarted any specific attempt at discovery, or that there is pending [ iSopen discovery, we cannot conclude that adequate discovery has not been had. La.C.C.P. art. 966.
For the foregoing reasons, we amend the judgment of the trial court to provide that the dismissal of all claims against BellSouth is a dismissal with prejudice and affirm the judgment, as amended.
AMENDED AND, AS AMENDED, AFFIRMED.

. Although the parties have not raised the issue, we note that a trial court commits error by granting a dismissal without prejudice pursuant to the grant of a motion for summary judgment. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 492. Therefore, the judgment must be amended to provide that the dismissal is with prejudice.

. On August 16, 2002, the trial court granted Entergy’s motion for summary judgment, dismissing all claims against Entergy by any party without prejudice.

. LP & L became Entergy by succession of interest.

. BellSouth’s trial counsel admitted at the hearing on its motion for summary judgment that the utility pole was a BellSouth pole.

. In S. Pitre, The Pelican State Amends Summary Judgment, 43 LYLR 97, 115 (Spring 1997), the author suggests that the amendments to the codal provisions relating to the law of summary judgment overruled the Walker case.