|-i JAMES F. McKAY III, Judge.
On September 16, 1999, a Waste Management vehicle, driven by Tommie Hall, was traveling on Magazine Street in the area of the Audubon Institute when it struck a low hanging tree branch. The impact caused the branch to break and fall. The branch struck Alma Brule’ and knocked her to the ground.
. On September 14, 2000, Ms. Brule’ filed suit against the Audubon Commission, Tommie Hall, Waste Management of Louisiana, L.L.C. (Waste Management), and Reliance Insurance Company (Reliance), Waste Management’s insurer. The Audubon Commission filed a cross-claim against Waste Management and Reliance, who in *405 turn filed a cross-claim against the Audubon Commission. On March 10, 2004, Waste Management and Reliance filed a motion for summary judgment on the grounds that no material issues of fact existed with regard to the duty owed by them to the plaintiff based upon the fact that their truck was the legal height required for vehicles in the City of New Orleans. The motion was heard on May 14, 2004 and the trial court granted the motion dismissing all claims against |2Waste Management and Reliance that same day.[1] It is from this judgment that the Audubon Commission now appeals.
On appeal, the Audubon Commission raises the following assignments of error: (1) the trial court committed reversible error by granting Waste Management and Reliance’s motion for summary judgment prematurely, without allowing the parties additional time to conduct adequate discovery and a fair opportunity to present their case; and (2) the trial court committed reversible error by granting Waste Management and Reliance’s motion for summary judgment when genuine issues of material fact still existed.
Appellate courts review summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/2000), 755 So.2d 226, 230. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary | ¡judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2). An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denial of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La. C.C.P. art. 967. Longo v. Bell South Telecommunications, Inc., 2003-1887 (La.App. 4 Cir. 10/7/04), 885 So.2d 1270, 1273-1274.
In order to determine whether liability exists under the facts of a particular case, a duty-risk analysis is employed, whereby the plaintiff must prove that the conduct in.question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached. Under the duty-risk analysis, all four in- *406 quiries must be affirmatively answered for plaintiff to recover. LeJeune v. Union Pacific Railroad, 97-1843 (La.4/14/98), 712 So.2d 491. Once a defendant shows that a plaintiffs claim against it lacks factual support for an essential element of the claim, it is incumbent on the plaintiff to |4produce factual support sufficient to establish that they would be able to satisfy the evidentia-ry burden of proof at trial. La. C.C.P. art. 966 C(2).
In the instant case, a waste management truck struck a tree limb, knocking it to the ground and causing injury to Ms. Brule’. This was a cause-in-fact of Ms. Brule’s injury. However, the plaintiff and the Audubon Commission are unable to prove that Waste Management breached any duty toward Ms. Brule’.
Both the New Orleans City Ordinance § 154-1522 and La. R.S. 32:381 allow vehicles up to thirteen feet, six inches in height to be operated on the streets of the city without special permit. The Waste Management truck driven by Mr. Hall was twelve feet, eight inches tall. In Smith v. Southern Pacific Transp. Co., Inc., 467 So.2d 70 (La.App. 4 Cir.1985), a truck driver sustained injuries when the top of a van-type truck he was driving struck the bottom a railroad overpass. In that case, the court found no liability on the driver of the truck where the height of the truck was eleven feet, four inches, which is below the maximum legal height for a vehicle on the highways of this state, which is thirteen feet, six inches. The Court reasoned that the motorist “should not be placed in the position of having to estimate a clearance upon approaching it unless it is quite obvious that the vehicle cannot pass.” Id. In the instant case, neither the, plaintiff nor the Audubon Commission have brought any evidence to show that Waste Management or Mr. Hall were in any way negligent. As such, they have failed provide' factual support for an essential element of their claim against Waste Management.
lsThe Audubon Commission’s assertion that the trial court granted summary judgment prematurely, without giving it adequate time to conduct discovery is without merit. More than three and a half years passed from the time suit was filed before summary judgment was granted.
For the foregoing reasons, we affirm the trial court’s granting of summary judgment.
AFFIRMED.

. In a consent judgment dated July 2, 2004, the judgment of the trial court was certified and designated as final and appealable in accordance with La. C.C.P. art. 1915(A)(1) and (B)(1).