JAMES F. McKAY III, Judge.
 

 Lin this action on a promissory note, the defendant, Sandra J. Pittman, appeals the trial court’s granting of summary judgment in favor of the plaintiffs, the estate of A.E. Pittman and Gloria B. Pittman, succession representative. We affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 During his lifetime, A.E. Pittman made two loans to his daughter, Sandra Pittman. These loans totaled $193,160.23. Sometime after making the loans to his daughter, Mr. Pittman died.
 

 On April 30, 2003, Sandra Pittman executed a promissory note in the amount of $193,160.23, with interest at the rate of five percent (5%) per annum, payable on demand to the estate of A.E. Pittman and Gloria Pittman (the estate). This promissory note provided for an award of attorney’s fees in the amount of ten percent (10%) of the principal amount of the promissory note.
 

 The estate made demand for payment on the promissory note on April 28, 2008. Sandra Pittman refused to pay the amount owed under the promissory note. The estate then filed a petition on promissory note in Civil District Court on |2August 28, 2008. Said petition was supplemented and amended on October 30, 2008.
 

 On December 9, 2008, Sandra Pittman filed a dilatory exception of lack of procedural capacity and peremptory exceptions of no right of action and no cause of action. On January 9, 2009, the trial court sustained the exception of lack of procedural capacity but overruled the exceptions of no right of action and no cause of action. Thereafter, the estate again supplemented and amended its petition, this time, to clarify Gloria Pittman’s status as plaintiff in the litigation as “Gloria B. Pittman, individually and as Trustee of the Albert E. Pittman Trust.”
 

 On March 2, 2009, Sandra Pittman filed an exception of prescription, which the tri
 
 *1256
 
 al court denied on July 2, 2009. The estate filed a motion for summary judgment on September 15, 2009. The motion was heard on June 25, 2010, at which time the trial court rendered judgment in open court and granted the motion. The judgment was signed on July 16, 2010. It is from this judgment that Sandra Pittman now appeals.
 

 DISCUSSION
 

 On appeal, the defendant raises the following assignments of error: 1) rendering summary judgment when there is substantial, contradictory testimony and evidence on issues of fact material to the cause of action which preclude summary judgment under La. C.C.P. art. 966; 2) by accepting parole evidence offered by plaintiffs to prove consideration on promissory note, but holding that parole evidence is inadmissible to prove affirmative defenses on action for ^promissory note, including want of consideration, fraud, mistake and error where such evidence is admissible as a matter of law. La. C.C. 1848; and 8) by summarily dismissing defendant’s affirmative defenses where defendant offered evidence sufficient to show that she can carry her burden of proof at trial on the merits. La. R.S. 10:3-305.
 

 Appellate courts review summary judgment
 
 de novo,
 
 using the same criteria applied by trial courts to determine whether summary judgment is appropriate.
 
 Independent Fire Ins. Co. v. Sunbeam Corp.,
 
 99-2181, 99-2257, p. 7 (La.2/29/2000), 755 So.2d 226, 230. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to 1 ¿establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
 

 An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La. C.C.P. art 967.
 
 See also Longo v. Bell South Telecommunications, Inc.,
 
 2003-1887, pp. 4-5 (La.App. 4 Cir. 10/7/04), 885 So.2d 1270, 1273-74.
 

 In the instant case, in its reasons for judgment, the trial court states that it granted summary judgment for the following reasons. The defendant admitted that she executed the note. The note is a demand note and it complies with all of the prerequisites of La. R.S. 10:3-104, i.e., it was signed by the maker; it contained a promise to pay a certain sum; it was payable on demand; and it was payable to
 
 *1257
 
 order or to bearer. The defendant also acknowledged the debt on at least two occasions. She was co-executrix of her father’s estate and when she approved the sworn detailed descriptive list she acknowledged the indebtedness. She also acknowledged the indebtedness in an act of sale.
 

 Once the maker of a promissory note admits signing the note and the note is produced, the holder of the note is entitled to recover in the absence of any further evidence.
 
 See American Bank v. Saxena,
 
 553 So.2d 836, 842 (La.1989). Despite her contention to the contrary, Sandra Pittman has not brought forth any evidence to defeat summary judgment.
 

 |sThe defendant’s second assignment of error, that the trial court accepted parole evidence from the plaintiffs but refused to accept parole evidence from the defendant, is without merit. The trial court did not accept parole evidence from the plaintiffs. Louisiana Civil Code Article 1848 does not allow testimonial or other evidence not admitted to disprove a writing. That article states:
 

 Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.
 

 La. C.C. 1848.
 

 Based on the facts of this case, it cannot be found that any of the exceptions listed in Article 1848 apply. There was no vice of consent, a simulation, or a subsequent valid oral modification of the agreement.
 

 While the defendant has pleaded numerous affirmative defenses, the facts of this case indicate that they are either invalid or inapplicable. Accordingly, we find no error in the trial court’s dismissing them.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the trial court’s granting of summary judgment in favor of the plaintiffs.
 

 AFFIRMED